### GEORGE W. PAINE *vs.* ALONZO WAITE.

The seller of a stock of goods, who had taken the note of the purchaser therefor, secured by mortgage of the goods, after receiving payment in part, being told by the mortgagor that he had a number of debts coming due which he could not pay, delivered up the note and mortgage, and took another note secured by a new mortgage of the stock as altered and added to by labor, sales and purchases. *Held*, that the first mortgage was extinguished by the second, and that the second mortgage was void as against proceedings in insolvency instituted within six months after it was given.

ACTION OF TORT against the messenger of the court of insolvency for the county of Hampden for seizing merchandise as the property of Royal H. Whitney, an insolvent debtor. The parties submitted the following case to the decision of the court :

In November 1854, the plaintiff sold to Whitney a stock of merchandise, taking therefor his note secured by mortgage of the goods. The plaintiff testified that at that time it was verbally agreed that Whitney should give new mortgages from time to time, as he should make new purchases, to keep the plaintiff secure ; but Whitney testified that, though he consented to do so after the first mortgage was made, it was not part of the original agreement. Whitney made payments from time to time to the amount of about half the note, and in April 1856 gave to the plaintiff a new mortgage to secure the amount still due upon the note.

On the 23d of February 1857, Whitney told the plaintiff that he had a number of notes becoming due the next week which he could not meet, and was in a tight place, and that, as the plaintiff had a mortgage, he might do as he thought fit; and it

was agreed that some arrangement should be made the next day. The next day the plaintiff delivered up the old note and mortgages, and Whitney gave a new note secured by a new mortgage upon the goods then in the shop, which included, as the plaintiff testified, one third of the original stock, but there was no evidence by which it could be separated and identified. No debt except the plaintiff's was then due, but other debts would become due the first week in March. On the 28th of February the plaintiff took possession of the goods under the new mortgage. Neither of the old mortgages has been discharged or satisfied except as above stated. On the 21st of March the goods were taken possession of by the defendant under a warrant that day issued by the judge of insolvency.

*E. W. Bond,* for the plaintiff, cited *Davis* v. *Maynard,* 9 Mass. 242 ; *Pomroy* v. *Rice,* 16 Pick. 22 ; *Watkins* v. *Hill,* 8 Pick. 522.

*F. Chamberlin,* for the defendant.

BIGELOW, J.   In determining the question of title to the property in controversy in this action, the defendant is to be regarded as the representative of the creditors of the original mortgagor, and as standing in the same relation to the property as if he were the assignee in insolvency.   Having taken possession of the property as messenger, he was a tortfesor as against the plaintiff, if the latter had a title to the goods, which was valid and paramount to the right of the creditors of the insolvent.

The title of the plaintiff depends entirely on the question whether he can rely on the two mortgages which were given to him by Whitney prior to February 1857.   If he cannot, then it is quite clear that the mortgage given on the 24th of February 1857 was invalid as against creditors ; because it was given by the mortgagor in contemplation of insolvency, and received by the plaintiff when he had reasonable cause to know that the mortgagor was insolvent.   It appears that the plaintiff was told by the mortgagor, on the day before this mortgage was made, that he was embarrassed, and that he had a number of notes coming due the next week which he could not meet.   This was a direct admission that he was then in an insolvent condition

*Thompson* v. *Thompson*, 4 Cush. 127. A mortgage made under such circumstances cannot be set up as valid against the creditors of the mortgagor in insolvency.

The plaintiff however seeks to fall back upon the two prior mortgages upon the stock in trade, and to assert his title to such portion of the goods as were included therein, and which were taken possession of by the defendant under the warrant issued against the estate of the mortgagor. To these mortgages there is no objection on the ground that they were made in fraud of creditors or in contravention of their rights under the insolvent proceedings. But the difficulty which the plaintiff has to encounter, in asserting a title under these mortgages, is that on the facts in proof it appears that they were no longer in force between the parties, but were given up when the last mortgage was made.

It is not a case, therefore, where a new and additional mortgage is given on a stock of goods, as cumulative security in connection with previous mortgages on the same property to the same person, which are still to continue in force. Such might have been the legal effect of giving a new mortgage, if nothing had been said between the parties concerning the prior mortgages. But it is a case where an old security is abandoned and given up, and a new one taken as a substitute for that which previously existed.

Nor does this case resemble those in which it has been held that a mortgage remains valid and in force after the note or obligation secured by it has been given up and a new one taken in its place. In such cases, only the evidence of the debt is changed; the debt still remains, and the security is not altered. But in the case at bar the evidence of the debt and the security were both changed under an agreement that the new should take the place of the old.

We are not called upon to express any opinion as to the effect of the verbal agreement, to which the plaintiff testifies, that the mortgage first given was to be renewed from time to time, and that this was stipulated when the first mortgage was made. This last stipulation is denied by the defendant.

There being a dispute on that point, it cannot be contended that the case comes within *St.* 1838, *c.* 163, § 10, which renders valid conveyances of property made by an insolvent, when they are made as part of the original contract.

The plaintiff therefore fails to show any title to the property in controversy. He cannot claim under his two first mortgages, because they were by agreement of parties given up and a new note and mortgage taken in their stead. He cannot stand on his last mortgage, because it is invalid as against creditors.

*Judgment for the defendant*